UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH MIRAMONTEZ,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C16-1878-BAT

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**

Deborah Miramontez, the prevailing party in this Social Security disability appeal, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees of $5,185.79, as well as expenses of $17.25. Dkt. 25. The Commissioner opposes the motion, arguing that no fees should be awarded because her position was substantially justified. Dkt. 27. The Court rejects the Commissioner's arguments and **GRANTS** plaintiff's motion.

The EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To show that its position was "substantially justified" the government must demonstrate that its position had a reasonable basis in both law and fact at each stage of the proceedings, including both the government's litigation

ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE
EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) - 1

position and the underlying agency action giving rise to the civil action. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014).

Deviating from this standard, the Commissioner argues that the issue is "whether the Commissioner was substantially justified despite the deficiencies in the ALJ's decision." Dkt. 27 at 2. However, the "position of the United States" includes *both* the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014). Thus in assessing whether the government's position is substantially justified, a Court first considers the underlying agency action. *Id.* at 872. A court need not address whether the government's subsequent litigation position is justified when the underlying agency position was not substantially justified. *Id.* at 872–73.

The Commissioner reasserts arguments that the Court has already rejected in reversing the ALJ's decision, and which the Court now rejects as establishing substantial justification. To the extent the Commissioner raises new arguments, they cannot be relied upon to substantially justify a prior position. Accordingly, the Court **GRANTS** Ms. Miramontez's motion (Dkt. 25).

The Commissioner did not object to the amount of fees Ms. Miramontez requested. The Court has reviewed Ms. Miramontez's motion and supporting declarations and the record, and finds the amount requested is reasonable. The Court therefore **ORDERS**:

Plaintiff is awarded attorney's fees of $5,185.79 and expenses of $17.25, for a total award of $5,203.04. If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made

payable to Plaintiff's attorney, Howard D. Olinsky, 300 South State Street, Suite 420, Syracuse, NY 13202.

DATED this 31st day of October, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge